1  RICHARD F. HOLLEY, ESQ.
   Nevada Bar No. 3077
2  E-mail: rholley@nevadafirm.com
   ANDREA M. GANDARA, ESQ.
3  Nevada Bar No. 12580
   E-mail: agandara@nevadafirm.com
4  HOLLEY DRIGGS
   400 South Fourth Street, Third Floor
5  Las Vegas, Nevada 89101
   Telephone: 702/791-0308
6
   Attorneys for Town & Country Bank
7

I hereby attest and certify on 1/7/2021 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
By MONICA REYES, Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOWN & COUNTRY BANK,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE FLETCHER, an individual; DOES I THROUGH X; and ROE CORPORATIONS I THROUGH X;<br><br>Defendants. | Case No. 20-750<br><br>**Motion for Order to Show Cause Why Christine Fletcher Should Not Be Held in Contempt and Subject to Sanctions for Failure to Appear For 2004 Examination;**<br>**Or**<br>**In the Alternative, Motion to Transfer Subpoena-Related Motion to Issuing Court** |

Town & Country Bank ("T&C"), by and through its counsel, Richard F. Holley, Esq. and Andrea M Gandara, Esq. of the law firm Holley Driggs and Terry W. Connolly of the law firm Patton & Davison LLC, moves for an Order to Show Cause why Christine Fletcher ("Fletcher"), who has been subpoenaed to appear for deposition in this District[1] pursuant to the Order Approving Stipulation to Resolve Debtor's Objection to Twelve Applications for 2004 Examinations as Burdensomoe (sic), Overly Broad, and Poorly Timed [ECF No. 84] (the "2004 Order") issued by the U.S. Bankruptcy Court, District of Wyoming (the "Wyoming Bankruptcy Court")[2] in the Chapter 7 bankruptcy proceeding of Fletcher's brother John

---

[1] Specifically, at the law office of Holley Driggs located at 400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101.

[2] A true and correct copy of this Order is attached hereto as **Exhibit 1** and the term ECF refers to the docket entries in the matter of *In re Bielinski*, Case No. 19-20365 (the "Wyoming Bankruptcy Case"), before the Wyoming Bankruptcy Court.

1  Gerard Bieliski (the "Debtor"), corresponding Stipulation to Resolve Debtor's Objection to
2  Twelve Applications for 2004 Examinations as Burdensomoe (sic), Overly Broad, and Poorly
3  Timed [ECF No. 80] (the "2004 Stipulation")[3], and Subpoena for Rule 2004 Examination (the
4  "Subpoena")[4].

5  Fletcher should be held in contempt and subject to sanctions for her flippant disregard
6  of deadlines and evasion of her deposition in violation of the 2004 Order and Subpoena
7  notwithstanding T&C's multiple good faith efforts to accommodate her. T&C's good faith
8  accommodations to Fletcher include stipulating to extend the deadline for her production of
9  documents after she failed to timely comply and continuing her deposition twice after
10 receiving last-minute notice that she would not appear. Most recently, after six weeks' notice,
11 Fletcher simply ignored her obligation to appear for her deposition on April 7, 2020, despite
12 repeated inquires by T&C counsel, which has since resulted in her then-counsel withdrawing
13 from representation. Fletcher's misconduct has significantly interfered with T&C's ability to
14 investigate the grounds to bring a complaint seeking denial or objecting to the discharge of
15 her brother, the Debtor, including investigation of what appear to be fraudulent transfers by
16 the Debtor and Fletcher to evade the Debtor's creditors, and caused T&C to incur unnecessary
17 attorney fees and expenses.

18 In the alternative, T&C requests transfer of this Motion to the issuing Wyoming
19 Bankruptcy Court pursuant to Fed. R. Civ. P. 45(f).
20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 _____

27 [3] A true and correct copy of this Stipulation is attached hereto as **Exhibit 2**.
   [4] A true and correct copy of this Subpoena is attached hereto as **Exhibit 3**.

Case 19-20365    Doc 346    Filed 03/15/21    Entered 03/15/21 21:40:48    Desc Main
Document    Page 3 of 13

Case 2:20-cv-00750-GMN-NJK    Document 3    Filed 04/27/20    Page 3 of 18
Case 19-20365    Doc 327    Filed 01/11/21    Entered 01/11/21 15:46:45    Desc Main
Document    Page 3 of 13

1   This Motion is made and based upon the Memorandum of Points and Authorities
2   herein; the papers and pleading on file in this action; the Declaration of Compliance LR IA 1-
3   3(f) attested to by Attorney Andrea M. Gandara, Esq. (the "Certificate"); the exhibits
4   incorporated by reference herein; and any such oral argument as the Court may entertain at
5   the hearing on this Motion.
6       DATED this 27th day of April, 2020.

7                                           **HOLLEY DRIGGS**

8                                           /s/Andrea M. Gandara
                                            RICHARD F. HOLLEY, ESQ. (NBN 3077)
9                                           ANDREA M. GANDARA, ESQ. (NBN 12580)
                                            400 South Fourth Street, Third Floor
10                                          Las Vegas, Nevada 89101

11                                          TERRY W. CONNOLLY
                                            PATTON & DAVISON LLC
12                                          1920 Thomes Avenue, Suite 600
                                            Cheyenne, Wyoming 82001
13                                          (307) 635-4111
                                            *Attorneys for Town & Country Bank*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

## DECLARATION OF COMPLIANCE WITH LOCAL RULE IA 1-3(f)

I, ANDREA M. GANDARA, ESQ., declare as follows:

1. I am a Nevada admitted and good standing attorney able to appear in this matter as counsel for T&C.

2. I have personal knowledge of the facts set forth herein except as to those matters based upon information and belief, and as to those matters, I believe them to be true and correct.

3. On September 13, 2013, T&C obtained a judgment of nearly $7 million against Fletcher's brother, the Debtor in the Wyoming Bankruptcy Case. Judgment, a true and correct copy of which is attached hereto as **Exhibit 4**.

4. On June 7, 2019, after T&C obtained a ruling that several of the Debtor's entities were his alter egos and that those entities engaged in fraudulent transfers acting as the Debtor's alter egos,[5] he filed for Chapter 7 bankruptcy in Wyoming. *See* Order, a true and correct copy of which is attached hereto as **Exhibit 5**; *see also* Excerpt[6] of Voluntary Petition for Individuals Filing for Bankruptcy [ECF No. 1], a true and correct copy of which is attached hereto as **Exhibit 6**.

5. T&C is investigating grounds to bring a complaint seeking denial or objecting to the Debtor's discharge and issued subpoenas in the Wyoming Bankruptcy Case.

6. On December 19, 2019, T&C served Fletcher with the Subpoena, 2004 Stipulation and 2004 Order with a $50.00 witness/mileage fee via United States Mail at her residence located at 5201 Dancer Way, Las Vegas, Nevada 89107. The deposition location at my firm's office is within 100 miles of Fletcher's residence. *See generally* Subpoena, Ex. 3.

---

[5] The Order, entered in the matter of *Town & Country Bank v. John Bielinski, et al.*, Case No. A-10-608539-B, before the Eighth Judicial District Court, Clark County, Nevada, has since been set aside as to JT Development Corp.

[6] Because the entire filing with appended Summary, Schedules and Statements is 70 pages long, only the Voluntary Petition for Individuals Filing for Bankruptcy consisting of seven pages is attached for reference.

4

7. Fletcher has never served any formal written objections to document production or her appearance at a deposition, claimed privilege, sought to quash the Subpoena, or moved for a protective order with respect to the Subpoena or 2004 Order.

8. Pursuant to the Subpoena and 2004 Order, Fletcher was obligated to produce documents by January 7, 2020 and appear for examination on January 14, 2020. *See* 2004 Order, 2004 Stipulation, and Subpoena, Exs. 1-3.

9. Prior to filing this Motion, I made numerous good faith attempts to resolve issues regarding Fletcher's compliance with the Subpoena and 2004 Order through her counsel Edgar C. Smith, Esq. ("Attorney Smith").

10. Specifically, on January 10, 2020, after the deadline for her production of documents had lapsed, Fletcher through her then-counsel, Attorney Smith, requested an extension of time to produce documents and continuance of Fletcher's deposition. I agreed to accommodate Fletcher and her counsel. *See* Email Exchange 1, a true and correct copy of which is attached hereto as **Exhibit 7**.

11. Ultimately, Fletcher produced documents to T&C on or about January 30, 2020.[7] The documents produced by Fletcher reflect what appear to be fraudulent transfers by the Debtor and Fletcher to evade the Debtor's creditors.

12. Attorney Smith and I agreed to continue Fletcher's deposition to February 18, 2020, at 12 p.m. to accommodate Attorney Smith's schedule. *See* Notice of Continued 2004 Examination of Christine Fletcher [ECF No. 121], a true and correct copy of which is attached hereto as **Exhibit 8**.

13. On February 17, 2020, the day before her deposition, Attorney Smith reported that she would not be attending due to an assessment and testing, which clearly had been scheduled by Fletcher in advance despite the agreed-upon deposition date and time. Attorney

---

[7] T&C reserves all objections, rights, and remedies as to the sufficiency of Fletcher's document production as discovery remains pending and Fletcher has refused to appear for her deposition so that T&C may inquire further as to her compliance with her obligations to produce documents.

1   Smith indicated an intent to "work with [me] to reschedule this about 6 weeks from now." *See*
2   Email Exchange 2, a true and correct copy of which is attached hereto as **Exhibit 9**.

3   14.   Notwithstanding the unreasonably short-notice, I rescheduled Fletcher's
4   deposition six weeks out to April 7, 2020. *See* Notice of Continued 2004 Examination of
5   Christine Fletcher [ECF No. 122], a true and correct copy is attached hereto as **Exhibit 10**.

6   15.   I exchanged emails with Attorney Smith regarding Fletcher's disclosure of
7   certain medical information and records subject to a protective order that allegedly would
8   corroborate her condition such as a doctor's notes or other supporting documentary evidence;
9   however, these efforts were ultimately unsuccessful and I have never been provided with any
10  documentation to verify the nature and extent of Fletcher's medical condition.

11  16.   After the outbreak of the CoViD-19 pandemic and in advance of the imminent
12  deposition scheduled on April 7th, I researched alternative means to conduct Fletcher's
13  deposition to address any concerns she may have had as to leaving her home or her counsel's
14  office to appear and attempted to discuss the same by calling Attorney Smith and leaving a
15  message. I further followed up regarding the deposition via email to Attorney Smith. Attorney
16  Smith reported that he had not been able to get in touch with Fletcher and, upon further inquiry
17  the day before her scheduled deposition, Attorney Smith indicated that he was stepping down
18  as her counsel based on his inability to get in contact with her. *See* Email Exchange 3, a true
19  and correct copy of which is attached hereto as **Exhibit 11**.

20  17.   My office attempted to contact Fletcher at her last known phone number
21  provided by Attorney Smith. However, there was no answer and the recorded message
22  reported that the phone number belongs to someone named Ellie Forman.

23  18.   On April 7, 2020, Fletcher did not appear for her scheduled deposition in this
24  District.

25  19.   The Wyoming Bankruptcy Court has previously held parties in contempt for
26  noncompliance with subpoenas issued in the Wyoming Bankruptcy Case, including
27  nonproduction of documents by four of the entities previously declared to be the Debtor's alter

egos whose depositions remain to be scheduled pending receipt of subpoenaed documents. *See* Minutes of Proceeding from Hearing on Town & Country Bank's Motion for Order to Show Cause (ECF No. 130) and the Debtor's response (ECF No. 136) [ECF No. 139], a true and correct copy of which is attached hereto as **Exhibit 12**; Minutes of Proceeding from Hearing on David Ben-Bassat's Motion for Order to Show Cause (ECF No. 125) [ECF No. 137], a true and correct copy of which is attached hereto as **Exhibit 13**.

20. The current deadline for filing a complaint seeking denial or objecting to the discharge of Fletcher's brother, the Debtor, has recently been extended from April 13, 2020 to August 3, 2020 in part because of delays in document production. See Joint Motion to Extend Deadline for Objection to Discharge Debtor Pursuant to Rule 4004(b)(1) and 4007(c) [ECF No. 150], a true and correct copy of which is attached hereto as **Exhibit 14**; Order Extending Deadline for Objection to Discharge Debtor Pursuant to Rule 4004(b)(1) [ECF No. 154], a true and correct copy of which is attached hereto as **Exhibit 15**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 24th day of April, 2020.

_____
ANDREA M. GANDARA, ESQ.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. <u>JURISDICTION</u>

This matter is properly brought before this Court pursuant to FRCP 45(g) which grants jurisdiction over motions to enforce a subpoena to the district where compliance is required. Here, Fletcher is compelled by the to appear for her deposition in this District. This matter further is properly before this Court pursuant to FRCP 45(f) which allows a court where compliance is required but that did not issue the subject subpoena to transfer a contempt motion to the issuing court if subpoenaed party consents or if the court finds exceptional circumstances.

## II. <u>BACKGROUND</u>

The relevant facts contained in the foregoing Declaration are incorporated by reference herein.

## II. <u>LEGAL ARGUMENT</u>

**A.    <u>Fletcher Should Held in Contempt and Ordered to Pay the Costs T&C Incurred in Seeking to Enforce the Subpoena for Her Evasion of Her Deposition in this District.</u>**

A court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See* FED. R. CIV. P. 45(g), made applicable to bankruptcy proceedings pursuant to FED. R. BANKR. P. 9016. Where a person is found to be in contempt of a valid subpoena, a court may award costs to the party who sought enforcement of the subpoena. *See In re D.I. Operating Co.*, 240 F. Supp. 672, 678 (D. Nev. 1965).

T&C has made multiple significant good faith efforts to accommodate Fletcher in providing extensions, continuances, and alternative means for compliance with the Subpoena and 2004 Order. However, Fletcher has repeatedly flouted her discovery obligations by making after-the-fact and last-minute demands for relief without affording any courtesy to T&C whose counsel has had to make new scheduling arrangements with less than 12 hours' notice in one instance. Most recently, without any explanation, Fletcher flat-out failed to

appear for her long-noticed deposition without so much as bothering to respond to her own counsel's inquires as to her intention. Fletcher conduct is unexcused given that she has not sought or obtained any protective order or otherwise asserted any type of privilege in defense of her clear evasion of examination.

Fletcher's conduct clearly disregards T&C's need for her subpoenaed testimony in order to assess the grounds to file an adversary complaint regarding denial of or an exception to her brother the Debtor's discharge including potential grounds based on transfers between Fletcher and the Debtor.

While T&C is reluctant to seek court intervention for discovery matters, the Court undoubtedly has the authority to enforce the Subpoena and 2004 Order against Fletcher pursuant FRCP 45(g) and Fletcher's choice not to appear for her deposition in the nearly three months since she was ordered to do so constitutes contempt and warrants an award of attorney fees and costs incurred in connection with this Motion.

A. **In the Alternative, Exceptional Circumstances Exist to Transfer This Motion to the Wyoming Bankruptcy Court.**

FRCP 45(f) gives courts discretion to transfer subpoena-related motions to the issuing court upon consent of the subpoenaed party or a finding of exceptional circumstances. *See* FED. R. CIV. P. 45(f). The phrase "exceptional circumstances" is undefined in the rule but the Advisory Committee Notes provide guidance regarding non-consent transfers that has been recognized by several courts:

> the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

1  FED. R. CIV. P. 45 Advisory Comm. Notes (2013); *Collins v. Benton*, No.
2  219CV01970JADDJA, 2019 WL 5963709 (D. Nev. Nov. 12, 2019) (citing advisory notes in
3  consideration of transfer of subpoena-related motion); *Moon Mountain Farms, LLC v. Rural
4  Community Ins. Co.*, 301 F.R.D. 426 (N.D. Cal. 2014) (same); Music Grp. Macao Commercial
5  Offshore Ltd. v. Does, 82 F. Supp. 3d 979 (N.D. Cal. 2015) (same).

6      Here, Fletcher's interests in having local resolution of this Motion should be overruled
7  in favor of the significant judicial economy, docket management, and risk of inconsistent
8  rulings. The Wyoming Bankruptcy Court, which is familiar with the Wyoming Bankruptcy
9  Case that has been pending for nearly a year, previously ruled on discovery issues related to
10 T&C's investigation of grounds to bring a complaint seeking denial or objecting to the
11 Debtor's discharge including finding the Debtor's alter ego entities in contempt for failure to
12 comply with discovery obligations. Moreover, the Wyoming Bankruptcy Court retains
13 jurisdiction over the Wyoming Bankruptcy Case including the deadline to file discharge-
14 related complaints and attendant discovery scheduling issues that could be impacted by.
15 Fletcher's untimely compliance with the Subpoena.

16     Transfer of this Motion will also promote judicial consistency and economy as the
17 Wyoming Bankruptcy Court is in the best position to assess the merits of the dispute, weigh
18 proportionality issues concerning the discovery sought and address the consequences of
19 Fletcher's noncompliance with the Subpoena and 2004 Order. In addition, the Wyoming
20 Bankruptcy Court, like this Court, is currently holding all hearings by telephone or video such
21 the logistics of Fletcher's appearing on her own behalf in response to the Motion is no more
22 difficult than if the matter was heard here in this district and the cost of litigation alone does
23 not constitute an unfair burden.[8]

24 . . .

25 . . .

26

---

27 [8] *See* Home Page of District of Wyoming Bankruptcy Court, https://www.wyb.uscourts.gov/.

### III. CONCLUSION

In light of the above, T&C requests an Order to Show Cause issued to Fletcher as to why she should not be held in contempt until such time as she appears via video for her deposition and why she should not be obligated to pay T&C's attorney fees and costs incurred in connection with this Motion. Alternatively, T&C requests transfer of the Motion to the Wyoming Bankruptcy Court which issued the 2004 Order and from which jurisdiction T&C issued the Subpoena to Fletcher and such other relief as the Court finds just and proper.

DATED this 27th day of April, 2020.

**HOLLEY DRIGGS**

/s/Andrea M. Gandara
RICHARD F. HOLLEY, ESQ. (NBN 3077)
ANDREA M. GANDARA, ESQ. (NBN 12580)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Town & Country Bank*

## INDEX OF EXHIBITS

| | | |
|---|---|---|
| Exhibit 1 | | Order Approving Stipulation to Resolve Debtor's Objection to Twelve Applications for 2004 Examinations as Burdensomoe (sic), Overly Broad, and Poorly Timed [ECF No. 84] |
| Exhibit 2 | | Stipulation to Resolve Debtor's Objection to Twelve Applications for 2004 Examinations as Burdensomoe (sic), Overly Broad, and Poorly Timed [ECF No. 80] |
| Exhibit 3 | | Subpoena for Rule 2004 Examination |
| Exhibit 4 | | Judgment |
| Exhibit 5 | | Order |
| Exhibit 6 | | Excerpt of Voluntary Petition for Individuals Filing for Bankruptcy |
| Exhibit 7 | | Email Exchange 1 |
| Exhibit 8 | | Notice of Continued 2004 Examination of Christine Fletcher [ECF No. 121] |
| Exhibit 9 | | Email Exchange 2 |
| Exhibit 10 | | Notice of Continued 2004 Examination of Christine Fletcher [ECF No. 122] |
| Exhibit 11 | | Email Exchange 3 |
| Exhibit 12 | | Minutes of Proceeding [ECF No. 139] |
| Exhibit 13 | | Minutes of Proceeding [ECF No. 137] |
| Exhibit 14 | | Joint Motion to Extend Deadline for Objection to Discharge Debtor Pursuant to Rule 4004(b)(1) and 4007(c) [ECF No. 150] |
| Exhibit 15 | | Order Extending Deadline for Objection to Discharge Debtor Pursuant to Rule 4004(b)(1) [ECF No. 154] |

11747-10/2438959.docx

Case 19-20365    Doc 346    Filed 03/15/21    Entered 03/15/21 21:40:48    Desc Main
Document    Page 13 of 13

Case 2:20-cv-00750-GMN    Document 1-3    Filed 04/27/20    Page 13 of 13
Case 19-20365    Doc 327    Filed 01/11/21    Entered 01/11/21 15:46:41    Desc Main
Document    Page 13 of 13

|    |                                                                                                               |
|----|---------------------------------------------------------------------------------------------------------------|
| 1  | **CERTIFICATE OF SERVICE**                                                                                    |
| 2  |                                                                                                               |
| 3  | The undersigned hereby certifies that on the 27th day of April, 2020, a true and correct copy of the foregoing instrument was served on the following parties as follows: |
| 4  | Christine Fletcher                                                                                            |
| 5  | 5201 Dancer Way<br>Las Vegas, NV 89107                                                                        |
| 6  |                                                                                                               |
| 7  | /s/ Andrea M. Gandara<br>Andrea M. Gandara                                                                    |